# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                                 Case No. 09-CR-65

**THOMAS H. BUSKE**
        Defendant.

## DECISION AND ORDER

In this criminal prosecution, the government alleges that defendant Thomas Buske defrauded the S.C. Johnson Company ("SCJ") by submitting inflated invoices for transportation services, which an SCJ employee named Milt Morris approved in exchange for kick-backs. In 2004, SCJ filed a civil suit in state court against Morris, defendant, and others arising out of the alleged fraud; in 2008, a jury returned a verdict for SCJ in excess of $200 million. In previous submissions in this case, defendant indicated that SCJ in executing the judgment took "virtually everything he owned" (R. 92 at 6), including his companies and real estate holdings, worth about $82 million. (R. 90 at 10.) Defendant has also complained in previous submissions about improper collusion between SCJ and the government in these cases. (R. 90, 92.)

The government now seeks an order in limine precluding any reference at trial to the civil verdict and resulting $82 million payment. The government relies on Fed. R. Evid. 403, which permits the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The government contends that evidence related to the civil verdict would be unfairly prejudicial, as

it may lead jurors to decide the case based on sympathy for a defendant who has already paid for his conduct.

"Evidence is unfairly prejudicial only if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." United States v. Wantuch, 525 F.3d 505, 518 (7th Cir. 2008). This may include evidence that appeals to sympathy. See, e.g., United States v. Thompson, 359 F.3d 470, 479 (7th Cir. 2004); United States v. Adames, 56 F.3d 737, 746 (7th Cir. 1995). The government notes in this vein that courts have excluded evidence of prior punishments on the ground that such evidence could confuse the jury, causing it to wonder why the government was (unfairly) trying to punish the defendant again. See, e.g., United States v. Greer, 939 F.2d 1076, 1097 (5th Cir. 1991). In this case, the government contends, the danger is compounded by the fact that the civil judgment is many times larger than the amount of money it contends defendant gained in the charged scheme; accordingly, the government argues, the danger of a verdict based on sympathy or confusion outweighs any slight probative value evidence regarding the civil case may have. Finally, the government argues that reference to the civil judgment risks jury nullification, effectively inviting the jury to acquit regardless of the evidence because defendant has already been punished.

While I appreciate the government's concerns, entry of the pre-trial order it seeks would be unworkable, and the dangers it envisions can be ameliorated through appropriate instructions. As defendant notes, it seems inevitable that the civil case will be referenced at this trial. For instance, some trial witnesses previously testified in the civil matter and will likely be cross-examined based on their prior statements. Defendant further indicates that he intends to show bias on the part of SCJ witnesses and government agents who worked

2

together to obtain the civil judgment and the present indictment.

The government replies that defendant can examine for bias through other means, without mentioning the civil case, but the record does not permit me to make that determination pre-trial. If defendant at trial presents arguments improperly appealing to sympathy or nullification, or engages in redundant or repetitive examination, the government may raise appropriate objection. But I decline to enter a pre-trial order in limine precluding reference to the civil case or judgment. The jury will be instructed that it should not allow sympathy to influence its decision, see United States v. Curry, 538 F.3d 718, 728 (7th Cir. 2008) (noting that the court assumes jurors follow an instruction unless the evidence is so powerfully incriminating that they cannot reasonably be expected to put it out of their minds), and the government is free to proffer appropriate additional instructions to make sure the jury does not make improper use of this evidence. It seems unlikely that a properly instructed jury will act as the government fears.[1]

**THEREFORE, IT IS ORDERED** that the government's motion to exclude evidence (R. 97) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2012.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1] Indeed, excessive reference to the civil verdict could actually have the opposite effect; rather than provoking sympathy for defendant, the jury could conclude that defendant must have done something wrong in order for the civil jury to impose such a large verdict. This would seem to pose some of the same dangers as Rule 404(b) evidence. Thus, both sides would appear to have an incentive to tread lightly in this area.

3